# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NEVADA ASSOCIATION SERVICES, INC., )
)  Case No. 2:14-cv-00733-JCM-NJK
  Plaintiff, )
) ORDER
vs. )
)
RAMON TUMANAN, et al., )
)
  Defendants. )
_____)

Pending before the Court is Defendant U.S. Bank, N.A., as Trustee for the Holders of CSMC 2007-2's (hereafter, "Defendant") Motion to Join SFR Investments Pool 1, LLC ("SFR") as a Necessary Party pursuant to Federal Rule of Civil Procedure 19. Docket No. 13. No opposition has been filed. The Court finds that this motion is appropriately resolved without oral argument. *See* Local Rule 78-2.

**I.    BACKGROUND**

This interpleader action arises from the non-judicial foreclosure sale of the property located at 6342 Mighty Flotilla Avenue, Las Vegas, NV 89139 (the "Property"), completed by Coronado Ranch Street Homeowner's Association ("HOA") on May 17, 2013. Docket No. 13, at 2. The transaction was conducted through the HOA's agent Nevada Association Services, Inc. ("NAS"), which sold the property to SFR. *Id*. The trustee's deed was recorded on May 22, 2013. *Id*.

NAS filed this interpleader action on March 7, 2014, in Clark County District Court, seeking declaratory relief regarding the priority of claims to excess proceeds of the HOA's foreclosure sale. *See* Docket No. 1-2. The action was removed to this Court on May 12, 2014. Docket No. 1. SFR is not presently a party to this case. Docket No. 13, at 2. Defendant requests that the Court join SFR as a necessary party on the ground that the Court cannot afford the parties complete relief absent SFR's

participation. *Id.*; *see also* Fed. R. Civ. P. 19(a)(1)(A). Defendant represents that the "Court cannot allocate the sale proceeds correctly without first determining whether US Bank's deed of trust survived the HOA's foreclosure sale." *Id*. Defendant accordingly seeks leave to file a cross claim against SFR in order to "enable this Court to resolve the interpleader and quiet title issues in one judicial action."[1] *Id*.

## II. DISCUSSION

Determining whether a party is required to be joined to a lawsuit pursuant to Fed. R. Civ. P. 19 involves a three-step inquiry. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (*citations omitted*). First, under Fed. R. Civ. P. 19(a), the court determines whether a party is necessary.[2] *Id*. If the court finds that the absent party is a necessary party, the court must then determine whether joinder of the party is feasible. *Id*. Finally, if joinder is not feasible, the court determines whether the case can proceed without the absent party or whether the absent party is an indispensable party such that the court must dismiss the action. *Id*. "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

It is helpful at this stage of the analysis to clarify the nature of the parties' interests in this interpleader action. As described above, NAS is unsure as to which party it must provide excess proceeds derived from the HOA sale, and seeks declaratory relief regarding the priority of claims.[3] Docket No. 13,

---

[1] Defendant maintains that "SFR is more appropriately joined as a Plaintiff given that it does not have a claim to funds from the interpleader, but does have claim to Property." Docket No. 13, at 4.

[2] A party may be necessary in three different ways: (1) under Rule 19(a)(1)(A), if "in that person's absence, the court cannot accord complete relief among [the] existing parties;" or (2) under Rule 19(a)(1)(B)(i), if that person claims an interest in the action and a decision issued in its absence may "impair or impede [its] ability to protect the interest;" or (3) under Rule 19(a)(1)(B)(ii), if that person claims an interest in the action and a decision issued in its absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

[3] The distribution of excess proceeds following an HOA foreclosure sale is governed by Nevada Revised Statutes (NRS) § 116.31164(3)(c), which provides that, after the sale, the person conducting the sale shall pay "the proceeds of the sale for the following purposes in the following order:
(1) The reasonable expenses of sale;
(2) The reasonable expenses of securing possession before sale, holding, maintaining, and preparing

at 3. This is due, in part, to the fact that NAS "cannot determine who has the more senior interest in the property." *Id*. Defendant, for its part, seeks to determine whether its senior deed of trust[4] was extinguished by the HOA's sale of the Property. *Id*., at 4. The issue of whether an HOA foreclosure sale extinguishes a first security interest, however, "is the subject of hundreds of lawsuits and appeals currently pending in Nevada[.]" *Id*., at 2-4. As noted by Defendant, has a legal interest in the Property given SFR's purchase of the Property from NAS. *Id*. Given the present ambiguity of Nevada law, as well as the degree to which NAS' interpleader action implicates a contract in which SFR possesses a legally enforceable interest, Defendant argues that complete relief cannot be afforded without SFR's participation. *Id*., at 4.

### A. Whether SFR is a Necessary Party

#### 1. Pursuant to Fed. R. Civ. P. 19(a)(1)(A)

To determine whether SFR is a necessary party under Fed. R. Civ. P. 19, the first step is to determine whether the Court can grant complete relief in SFR's absence. Fed. R. Civ. P. 19(a)(1)(A).[5] "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004), *quoting Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). The "complete relief" factor "is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is

---

the unit for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, and, to the extent provided for by the declaration, reasonable attorney's fees and other legal expenses incurred by the association;
    (3) Satisfaction of the association's lien;
    (4) Satisfaction in the order of priority of any subordinate claim of record; and
    (5) Remittance of any excess to the unit's owner."

[4] A loan used to purchase the Property prior to foreclosure was secured by a deed of trust recorded on November 4, 2004. Docket No. 13, at 2. This senior deed of trust was assigned to Defendant on September 25, 2009, and recorded on October 21, 2009. *Id*.

[5] Fed. R. Civ. P. 19(a)(1) provides, in relevant part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if ... in that person's absence, the court cannot accord complete relief among existing parties[.]"

sought." *Eldredge v. Carpenters 46 N. Cal. Cntys. Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (*citations and internal quotations omitted*). In making its determination, the court asks whether the "absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Id*.

Two Ninth Circuit decisions guide the Court's analysis. First, in *Dawavendewa v. Salt River Project Agric. Improvement Dist.*, 276 F.3d 1150 (9th Cir. 2002), the Ninth Circuit found the Navajo Nation was a necessary party because the court could not grant complete relief in the Nation's absence. . The Navajo Nation had leased land to the defendant, who operated a business on the reservation. *Id*., at 1153. The lease included a provision whereby the defendant was required to extend employment preferences to qualified local Navajos. *Id*. The plaintiff, a member of the Hopi Tribe, sought to enjoin the defendant from enforcing the lease provision, but did not name the Nation as a party. *Id*., at 1153-54.

In finding that it could not grant complete relief in the Nation's absence, the court reasoned that the injunction sought would bind only the defendant and the plaintiff, not the Nation. *Id*., at 1155. As a result, even if the court enjoined the defendant from enforcing the lease provision, the Nation could continue to attempt to enforce the provision. *Id*. The court noted that if the defendant were to ignore the injunction, the plaintiff would not receive the relief he sought. *Id*. At the same time, if the defendant were to comply with the injunction, the Navajo Nation would likely take action against the defendant under the lease. *Id*. The court concluded that, if the court granted plaintiff an injunction, the defendant would be "between the proverbial rock and a hard place - comply with the injunction ... or comply with the lease." *Id*., at 1156. If the defendant declined to abide by the injunction and instead complied with the lease, the plaintiff would not be afforded complete relief. As a result, the court found that the Nation was a necessary party. *Id*.

Similarly, in *Peabody W. Coal Co.*, the Ninth Circuit found that the Navajo Nation was a necessary party because the court could not grant complete relief in its absence. 400 F.3d at 780. In that case, the Navajo Nation was a party to the challenged lease with defendant Peabody. *Id*. The EEOC sought declaratory, injunctive, and monetary relief, but did not join the Navajo Nation as a party. *Id*. The court found that while it could award the EEOC monetary damages without the Nation's participation, "declaratory and injunctive relief could be incomplete unless the nation is bound by *res judicata*." *Id*. The court stated, "[i]f the EEOC is victorious in this suit but the Nation has not been joined, the Nation could

1  possibly initiate further action to enforce [the provision in the lease] against Peabody, even though that
2  preference would have been held illegal in this litigation." *Id*. Accordingly, the court found that the Navajo
3  Nation was a necessary party. *Id*.

4      The above-cited cases indicate that where a plaintiff seeks injunctive or declaratory relief, and a
5  third-party has an enforceable interest in the subject matter of the dispute, the court cannot grant complete
6  relief in the third party's absence. Here, the Court finds that SFR is a necessary party to NAS' interpleader
7  action, because it seeks to clarify rights to the proceeds of a contract in which SFR possesses a legally
8  enforceable interest. Similar to the above-cited cases, a judgment declaring injunctive relief with respect
9  to a contract in which SFR possesses a legally enforceable interest would not be binding against SFR.
10 Thus, even if the interpleader action is resolved, the parties are not assured complete relief. As a result,
11 SFR is a necessary party pursuant to Fed. R. Civ. P. 19(a)(1)(A).

12     *2.    Pursuant to Fed. R. Civ. P. 19(a)(1)(B)*

13     The Court also finds that SFR is a necessary party to this interpleader action under the second prong
14 of Fed. R. Civ. P. 19(a). Under Fed. R. Civ. P. 19(a)(1)(B)(i), a party is necessary if the party "claims[6] an
15 interest relating to the subject of the action[,]" and disposing of the action without joining the absent party
16 would impair or impede that party's ability to protect its interest. Fed. R. Civ. P. 19(a)(1)(B)(i). "[N]o
17 procedural principle is more deeply imbedded in common law than that, in an action to set aside a lease or

---

[6] The Court is aware that some decisions in this circuit hold that joinder under Fed. R. Civ. P. 19(a)(1)(B) is "contingent ... upon an initial requirement that the absent party *claim* a legally-protected interest relating to the subject matter of the action," and "where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder [is] 'unnecessary.'" *Altmann v. Republic of Aus.*, 317 F.3d 954, 971 (9th Cir. 2002) (emphasis in original) (*citing Northrop Corp.*, 705 F.2d at 1043) ("Subparts (i) and (ii) are contingent ... upon an initial requirement that the absent party claim a legally-protected interest relating to the subject matter of the action").

In the instant case, SFR has not come forward and claimed a direct interest in this action. It is not clear, however, that SFR is even aware of the pending litigation. Because the court has found SFR to be a necessary party, it will soon have notice of the action and will be able to assert its rights accordingly. Withholding a discussion of SFR's rights under Fed. R. Civ. P. 19(a)(1)(B) at this time would require unnecessarily strict conformance to Fed. R. Civ. P. 19(a), which is intended to be flexible in its application. *See Makah Indian Tribe*, 910 F.2d at 558.

contract, all parties who may be affected by the determination of the action are indispensable." *Dawavendewa*, 276 F.3d at 1156, *quoting Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975). While this interpleader action does not, at this stage, seek to set aside SFR's purchase of the Property, the lawsuit directly implicates a contract in which SFR possesses a legally enforceable interest. Accordingly, and because NAS' lawsuit has the potential to affect SFR's rights under the HOA sale, the court finds that SFR is a necessary party pursuant to Fed. R. Civ. P. 19(a)(1)(B)(ii).

Nonetheless, even if a party has a legally protected interest in an action, if an existing party can adequately represent the absent party's interest, then the absent party is not a necessary party under Fed. R. Civ. P. 19(a)(1)(B). *See Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992) ("[I]mpairment may be minimized if the absent party is adequately represented in the suit"). A court considers the following factors in determining whether an existing party may adequately represent the interests of an absent party: (1) the present party will undoubtedly make all of the absent party's arguments; (2) the present party is capable and willing to make the absent party's arguments; and (3) the absent party would not offer any necessary elements that the present parties would neglect. *Id*.

Here, it is not clear that Defendant, NAS, or any other party will make SFR's arguments on its behalf. Due to its involvement in the HOA sale, NAS has interests which only partially align with the interests of SFR, as is true with respect to the interests of other parties who may or may not be entitled to proceeds from the HOA sale, including Defendant. Moreover, it is far from clear that all of the parties' interests align in this case, as some parties would presumably seek to uphold Defendants's senior lien holder's property interest with respect to HOA liens, while others would seek to strike it down. Accordingly, the Court finds that the parties cannot adequately represent SFR's individualized and legally protected interest in the sale of the Property.

### B. Whether Joinder of SFR is Feasible

Having determined that SFR is a necessary party to NAS' interpleader lawsuit, the Court next considers whether SFR can feasibly be joined as a party. Under Rule 19, joinder is feasible where the absent party is subject to service of process, and the absent party's joinder will not destroy subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1). Defendant does not present the Court with any argument concerning whether SFR can feasibly be joined. Docket No. 13. As the Court's jurisdiction in this matter is based

upon the presence of the United States of America as a defendant, however, SFR's joinder would not deprive the Court of subject matter jurisdiction. Moreover, SFR is subject to service of process in this district, given its ownership of real property in Las Vegas, Nevada.

Accordingly, as joinder of SFR is both necessary and feasible,[7] the Court will order SFR joined as a party to the action pursuant to Fed. R. Civ. P. 19(a)(2).

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Join SFR Investments Pool 1, LLC as a Necessary Party is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant U.S. Bank shall file an answer and counter claims no later than August 11, 2014.

IT IS SO ORDERED.

DATED: August 5, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[7] As the Court concludes that joinder of SFR is feasible, the Court does not reach the third prong of the analysis under *Peabody W. Coal Co. See* 400 F.3d at 779 (if joinder is not feasible, the court determines whether the case can proceed without the absent party or whether the absent party is an indispensable party such that the court must dismiss the action).