UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA ASSOCIATION SERVICES, INC., | Case No. 2:14-CV-733 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RAMON TUMANAN, et al.,, | |
| Defendant(s). | |

Presently before the court is plaintiff Nevada Association Services, Inc.'s (hereinafter, "NAS") motion for attorneys' fees. (Doc. # 60). Defendant U.S. Bank, N.A. (hereinafter, "U.S. Bank") filed a response, (doc. # 63), and plaintiff filed a reply, (doc. # 64).

**I.    Background**

This is an interpleader case brought by NAS, a debt collection agency that works on behalf of homeowners associations to collect debts secured by real property. (Doc. # 1-2).

Defendants Ramon and Charity Tumanan purchased real property located at 6342 Mighty Flotilla Ave., Las Vegas, 89139. (Doc. # 60). The Tumanans took out a loan of $408,150, which was secured by a deed of trust. (Doc. # 63). This deed of trust was assigned to U.S. Bank on September 25, 2009. (Doc. # 63). The Tumanans failed to pay a debt owed to the Coronado Ranch Street and Landscape Maintenance Association (hereinafter, "HOA"), and NAS was contracted by the HOA to collect the debts owed to it for unpaid homeowners assessments. (Doc. # 1-2).

After attempting to directly collect the debt from the Tumanans, NAS served as the HOA's foreclosure agent in a non-judicial foreclosure. (Docs. ## 1-2, 60). The foreclosure occurred on May 17, 2013, and the property sold for $56,000. (Doc. # 60).

**James C. Mahan**
**U.S. District Judge**

Plaintiff paid out a total of $5,106.58 from this amount to itself, the HOA, the management company, the posting company, and the title company. (Doc. # 60). In addition, plaintiff also retained $1,000 for costs and fees incurred.[1] (Doc. # 60). At this point, $49,893.58 remained from the proceeds, and there were liens and claims on the property in excess of $700,000. (Doc. # 60).

To determine who was entitled to the excess funds, plaintiff filed the instant interpleader action in state court. (Doc. # 60). NAS then deposited the excess proceeds with the clerk of the Eighth Judicial District Court. (Doc. # 60). The United States removed the case to this court on November 18, 2013. (Doc. # 60). This court ordered that the interpled funds be transferred to the clerk of this court. (Doc. # 60). The interpled funds were deposited with this court on October 10, 2014. (Doc. # 60).

Under the instant motion, NAS seeks attorneys' fees for the work done to file and prosecute this action. (Doc. # 60). NAS also seeks to be discharged from the case with no further liability as to the interpled funds. (Doc. # 60).

On December 17, 2014, the United States disclaimed any interest in the interpled funds and sought to be dismissed from this matter. (Doc. # 66). On December 22, 2014, this court recognized the disclaimer and dismissed the United States from this matter. (Doc. # 67).

**II.    Discussion**

U.S. Bank asserts that NAS did not seek this court's jurisdiction to interplead the funds under rule interpleader (Federal Rule of Civil Procedure 22) or statutory interpleader (28 U.S.C. § 1335). Rather, NAS sought an interpleader under Nevada Rule of Civil Procedure 22, as this action was initially brought in state court. Under U.S. Bank's view, because this interpleader action originated in state court, state law must govern whether NAS should be awarded attorneys' fees. U.S. Bank argues that state law does not permit NAS to collect attorneys' fees.

NAS asserts that the reason this case was removed was due to the applicability of federal law. NAS argues that because federal law determines the priority of competing liens where one

---

[1] Because NAS has already withdrawn $1,000 for attorneys' fees, NAS asks that this court reduce any determination of attorneys' fees by $1,000 to account for this early withdrawal.

of them is a United States tax lien, federal law should govern whether an award of attorneys' fees is appropriate. Finally, NAS claims that it is proper for this court to grant attorneys' fees in equity.

Although this case started in state court, this case was properly removed under 28 U.S.C. § 1442 and § 1444. Under § 1442, "A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States . . .  (1) The United States . . . on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue." 28 U.S.C. § 1442.

Furthermore, § 1444 provides that any action brought in state court against the United States, which affects property on which United States has lien (*i.e.*, the claim is brought under 28 U.S.C. § 2410), may be removed by the United States to the district court of the United States. 28 U.S.C. § 1444.

The United States claimed that it had a tax lien on the property at issue, and that the outstanding balance on its lien was roughly $11,500. (Doc. # 9). It is also uncontested that f*ederal law* governs the relative priority of federal tax liens and state-created liens. *See Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1134 (9th Cir. 2011).

In the instant case, the United States asserted a claim to the interpleader funds to satisfy a federal tax lien. "Federal question jurisdiction over this rule interpleader action exist[ed] because 28 U.S.C. § 2410 grant[ed] concurrent federal and state court jurisdiction to any interpleader action with respect to property on which the United States has a lien." *Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1090 (D. Haw. 2007).

However, the United States has disclaimed any interest in the interpled funds and has since been dismissed from the case. (Doc. # 67). Therefore, this court now lacks subject matter jurisdiction. Under 28 U.S.C. § 1447(c), which applies to cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447; *Kennedy v. Natural Balance Pet Foods, Inc.*, 361 F. App'x 785, 787 (9th Cir. 2010). This provision is mandatory. *Kennedy*, 361 F. App'x at 787.

In addition, a district court has discretion to award fees under the statute. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses,

**James C. Mahan**
**U.S. District Judge**

- 3 -

including attorney fees, incurred as a result of the removal."). The determination turns on the objective reasonableness of a defendant's removal. *See Martine v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

This case will be remanded to the state court, and this court declines to award attorney fees under § 1447(c). The United States had an objectively reasonable basis for removing the case to federal court, and has since voluntarily disclaimed any interest in the interpled funds and been dismissed. Therefore, fees concerning this removal action are inappropriate under § 1447(c). However, NAS may pursue its claim for attorneys' fees for bringing the interpleader action before the state court.

### III.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the matter be REMANDED for further proceedings.

IT IS FURTHER ORDERED that plaintiff's motion for attorneys' fees, (doc. # 60), is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's request to be discharged, (doc. # 60), is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court for the United States District Court, District of Nevada shall transfer the amount of $49,893.42 deposited to this court to the Clerk of Court for the Eighth Judicial District of Nevada when the state court case has been reopened.

The clerk shall enter judgment accordingly and close the case.

DATED April 20, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -